## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

BOBBY RAY COLLINS,         )
                                       )
               Plaintiff,     )
v.                                )        No. 2:10-CV-172-JMS-WGH
                                       )
THOMAS WEBSTER, M.D., et al.,   )
                                     )
            Defendants.    )

### Entry Discussing Exhaustion Requirement and Defense

Plaintiff Bobby Ray Collins filed a Second Amended Complaint on April 4, 2011, in which he claims that the defendants were deliberately indifferent to his medical needs by denying him medical treatment and deliberately acting to cause him pain. Collins' first specification of constitutionally deficient medical care is that the defendants failed to form a utilization review committee and order an MRI test of his knee, and thus failed to diagnose and properly treat his January 4, 2009, right knee injury. (Response at 15, 20, and 24.)

The individual defendants Dr. Thomas Webster (retired), Julie Beighley, Health Services Administrator, and Michael Armstrong, Physician's Assistant (retired) seek summary judgment on their affirmative defense that Collins failed to exhaust his administrative remedies regarding the medical care provided for his knee injury prior to filing this action. The defendants argue that Collins did not exhaust his available administrative remedies concerning his knee injury and therefore this unexhausted claim must be dismissed without prejudice.

Whether Collins failed to exhaust his administrative remedies must be resolved before the merits of his claims (upon which the defendants also seek summary judgment). *Pavey v. Conley,* 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

### Standard of Review

The motion for summary judgment in this civil rights action, as with any such motion, must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no ∧genuine◎ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

## Discussion

The substantive law applicable to the defendant's failure to exhaust defense is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

The undisputed facts relevant to the resolution of this claim are the following:

- The BOP has promulgated an administrative remedy system which is embodied in 28 C.F.R. §§ 542.10 through 542.16 and Program Statement (PS) 1330.16, Administrative Remedy Program.

- This system consists of a three-level administrative remedy process, which is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. 28 C.F.R. § 542.10. Collins was aware of the administrative remedy system's procedures.

- All requests for administrative remedy are logged and tracked in the SENTRY computer program, which is an electronic record keeping system utilized by the Bureau of Prisons. Collins filed a total of 231 Administrative Remedy requests since he began his incarceration term.

- Collins did not fully exhaust an administrative remedy request regarding his knee identified as Remedy Identification Number 524136.

- Collins did fully exhaust his administrative remedies as to the request identified as number 526047.

The defendants argue that Collins' number 526047 regards not being seen for sick call for the listed days and notes that the abstract recorded in the SENTRY system states "says has filled out sick calls and not been seen." Dkt. 70-4 at p. 2. Further, the defendants argue that the matters addressed in number 526047 can only involve matters up to January 6, 2009.

The defendants' argument is not persuasive. It is true that the SENTRY records do not reflect that administrative remedy number 526047 complains about the treatment and diagnosis of his knee. This can be reasonably attributed to the fact that input fields in the SENTRY database only allow for a certain level of detail. In this instance, the actual remedy requests and responses are a better indicator of the issue exhausted. See dkt 52-1 at pages 1-9. For example, in response to Collins' administrative remedy appeal, the Central Office described Collins' administrative remedy request as contending that he had "not been evaluated and treated for right knee pain. As relief, you request medical evaluation and treatment of your right knee pain." Dkt 52-1 at p. 3. The Central Office responded by stating that the record reflects Collins was receiving medical care and treatment in accordance with policy. *Id.* Given these circumstances, the court holds that Collins did in fact exhaust his available administrative remedies regarding the treatment of his January 4, 2009, knee injury and the purpose of the exhaustion requirement was fulfilled in that prison officials were given the time and opportunity to respond to Collins' complaints about the treatment of his knee injury internally before this litigation was initiated. *See Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001).

Accordingly, the defendants' request for summary judgment as to the affirmative defense that Collins failed to exhaust his available administrative remedies prior to filing this action is **denied.** Resolution of the remaining issues raised in the defendants' motion for summary judgment shall be addressed in a separate Entry. The motion for summary judgment [46] remains pending.

**IT IS SO ORDERED.**

Date: ___02/01/2012___

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Bobby Ray Collins
No. 27382-077
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837