UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BOBBY RAY COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-172-JMS-WGH |
| | ) | |
| MICHAEL ARMSTRONG, | ) | |
| Physician Assistant, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PETITION FOR A
## WRIT OF HABEAS CORPUS AD TESTIFICANDUM
## (Docket No. 219)

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on the Petition for a Writ of Habeas Corpus Ad

Testificandum filed by the Plaintiff on April 5, 2013.  (Docket No. 219).[1]  A

response in opposition was filed by the United States of America, Bureau of

Prisons, on April 26, 2013.  (Docket No. 228).  Plaintiff did not file a reply brief.

Plaintiff, Bobby Ray Collins ("Collins"), has brought this action under

*Bivens*, seeking damages for improper medical treatment.  By virtue of this

court's Entry Discussing Motion for Summary Judgment entered January 30,

---

[1]This Petition also requests that the court order inmates Spells and Moore to be
present for trial.  Plaintiff filed another Petition on that same date.  (Docket No. 220).  The
Magistrate Judge will address only the need for Plaintiff's presence in this order and will
deal with inmates Spells and Moore in a separate order for Petition found at Docket No.
220.

2013 (Docket No. 191), the issue before the court is whether the Defendant, Physician Assistant Michael Armstrong ("Armstrong"), was deliberately indifferent to Plaintiff when Collins fell, fracturing his right hand, on February 10, 2009. It is alleged that there was no treatment provided for Collins's right hand after the fall, and that Collins was sent back to his unit on crutches, which he was using as the result of an unrelated medical treatment for a knee injury. Armstrong allegedly saw Collins on February 13, 2009, and his examination suggested a closed fracture of the metacarpal. Plaintiff was given Tylenol with Codeine and Ibuprofen, and a request for an orthopaedic consult was submitted. Collins was seen by Dr. Burkle on March 2, 2009, at which time Dr. Burkle ordered a soft cast for four weeks. Collins alleges that despite being seen by Armstrong several times thereafter, he was never treated for his hand injury until he was transferred to Lewisburg USP in Pennsylvania on April 20, 2009. Collins alleges that he received a cast for his right hand on May 21, 2009, within 30 days of his transfer to Lewisburg USP.

The court recognizes that Collins has no constitutional right to be present at the trial of his civil case. *See Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976). However, the court has discretion to determine whether a prisoner plaintiff can attend the trial of a case he has filed pursuant to 28 U.S.C. § 2241(c)(5). In exercising that discretion, the court:

> should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.

*Stone,* 546 F.2d at 735-36.

The court analyzes the factors, as follows.

**(1)     The costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom:**

Collins is currently incarcerated at Lewisburg UPS.  Neither party has provided the court with any estimate of the costs or the mechanism under which Collins would be transported to Terre Haute, Indiana, for this trial.  It is assumed that the costs of moving Collins would be minimal in that he would be transported pursuant to the prisoner transportation processes regularly used by prison officials, but this is a relatively long trip.  The inconvenience of transferring the prisoner to a separate institution has also not been described, but is assumed that there would be a certain amount of inconvenience to both the Lewisburg and Terre Haute facilities in arranging and rearranging bed space for a new inmate for a short period of time to enable him to attend a one or two-day court proceeding.  This cost and inconvenience militates against issuing the writ.

**(2)     Any potential danger or security risks which the presence of the particular inmate would pose to the court:**

The court has not been provided with Collins's criminal background history.  Plaintiff is scheduled for release on September 8, 2013.  The Magistrate Judge concludes that there is no unusual danger or security risk in this case.

**(3)     The substantiality of the matter at issue:**

This matter is not a substantial matter.  Collins has not suggested that he has sustained permanent impairment from the lack of treatment, and the nature of the injury is a closed fracture of the metacarpal bone.  The remedy for Collins will likely be the jury's assessment of monetary damages for a period of pain and suffering between approximately February 9, 2009, and April 20, 2009, when he was transferred out of the control of Armstrong.

**(4)     The need for an early determination of the matter:**

There is no unusual need for early determination of this matter.

**(5)     The possibility of delaying trial until Collins is released:**

Collins has advised the Magistrate Judge during status and settlement conferences that upon his release in September, he will be transferred to a homeless shelter in Texas and has no means with which to attend the trial after his release.  This suggests that delaying the trial should not occur, as doing so would likely result in Collins being unable to present his claim.

**(6)     The probability of success on the merits:**

The Magistrate Judge notes that Collins's claim has survived a Motion for Summary Judgment.  Beyond this, it is too speculative to determine whether he will succeed on his claim.

**(7)     The integrity of the correctional system:**

The Magistrate Judge is uncertain as to how to analyze the integrity of the correctional system.  However, Collins's Second Amended Complaint does not suggest that there is a wholesale failure of the correctional system's medical treatment process in this case which must in some regard be challenged by Collins.

**(8)     The interests of the inmate in presenting his testimony in person rather than by deposition:**

In this case, the need to establish his own credibility before a jury does make the inmate's interest significant in this case.  However, Collins's ability to be present via video conference and visible to the jury in an Indianapolis, Indiana courtroom is available for that purpose.

<b>Conclusion</b>

Weighing the factors listed above, the Magistrate Judge would recommend that the Petition for a Writ of Habeas Corpus Ad Testificandum be denied at this time, subject to the court's ability to have Collins appear for his testimony via video conferencing from Lewisburg USP and conditioned upon his ability to listen to the trial as it is conducted by his counsel via a dedicated

telephone line.  Newly-appointed counsel for Collins is therefore directed to contact the paralegal specialist at Lewisburg UPS – (570) 522-7762 – to determine whether arrangements can be made for Collins to participate in the trial, via telephone, and for his own testimony, via video conference.  Assuming that this relief is available to Collins, this petition must otherwise be **DENIED.**

**SO ORDERED** the 16th day of May, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on ECF-registered counsel of record.**

**Send copy to:**

BOBBY RAY COLLINS
27382-077
LEWISBURG - USP
LEWISBURG U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEWISBURG, PA  17837