UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BOBBY RAY COLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:10-cv-172-JMS-WGH |
| MICHAEL ARMSTRONG, Physician Assistant, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER ON PETITION FOR A
## WRIT OF HABEAS CORPUS AD TESTIFICANDUM
## (Docket No. 220)

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Petition for a Writ of Habeas Corpus Ad Testificandum filed by the Plaintiff on April 5, 2013. (Docket No. 220). A response in opposition was filed by the United States of America, Bureau of Prisons, on April 26, 2013. (Docket No. 228). Plaintiff did not file a reply brief.

Plaintiff, Bobby Ray Collins ("Collins"), has brought this action under *Bivens*, seeking damages for improper medical treatment. By virtue of this court's Entry Discussing Motion for Summary Judgment entered January 30, 2013 (Docket No. 191), the issue before the court is whether the Defendant, Physician Assistant Michael Armstrong ("Armstrong"), was deliberately indifferent to Plaintiff when Collins fell, fracturing his right hand, on February 10, 2009. It is alleged that there was no treatment provided for Collins's right hand after the fall, and that Collins was sent back to his unit on crutches,

which he was using as the result of an unrelated medical treatment for a knee injury.  Armstrong allegedly saw Collins on February 13, 2009, and his examination suggested a closed fracture of the metacarpal.  Plaintiff was given Tylenol with Codeine and Ibuprofen, and a request for an orthopaedic consult was submitted.  Collins was seen by Dr. Burkle on March 2, 2009, at which time Dr. Burkle ordered a soft cast for four weeks.  Collins alleges that despite being seen by Armstrong several times thereafter, he was never treated for his hand injury until he was transferred to Lewisburg USP in Pennsylvania on April 20, 2009.  Collins alleges that he received a cast for his right hand on May 21, 2009, within 30 days of his transfer to Lewisburg USP.

     Collins has asked that inmates Walter Moore and Melvin Spells be present to testify, but his Petition seeks, in the alternative, that their Administrative Health Services Records be provided.  The Response indicates that inmate Spells is located in Florida and inmate Moore is located in Texas.  For the reasons specified in this court's Order on Petition for a Writ of Habeas Corpus Ad Testificandum (Docket No. 219) (found at Docket No. 235), the expense and inconvenience of transporting these two inmates for limited purposes of trial is not warranted.  The request for transportation is, therefore, **DENIED**; however, counsel for Defendant is directed to advise the Plaintiff regarding their position on providing the

Administrative Health Services Records for inmates Moore and Spells or whether stipulations to those records can be obtained.

 **SO ORDERED** the 16th day of May, 2013.

          _____
          William G. Hussmann, Jr.
          United States Magistrate Judge
          Southern District of Indiana

**Served electronically on ECF-registered counsel of record.**

**Send copy to:**

BOBBY RAY COLLINS
27382-077
LEWISBURG - USP
LEWISBURG U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEWISBURG, PA  17837